Curia, per

Johnston, Ch.
No doubt the levy and sale of the lands, under the executions senior to the mortgage, carried the fee to the purchaser, freed from the incumbrance of the mortgage. k
It was competent for the mortgagees to have filed their bill before the sale, to compel the execution creditors to take satisfaction out of Willard’s personal property, or any other property he had, pointing it out in the bill, and proving its existence (as to which there is no evidence, however): and asking that the mortgaged premises be exonerated until the other, property was exhausted.
It may have been competent for them, also, after the sale, to come into this Court for a distribution of the proceeds of the moneys collected, in such manner as to leave the proceeds of the mortgaged lands to the mortgagees, until the proceeds of the other property were all exhausted by applying them to the executions.
But they failed to proceed in either of these ways until barred by the statute of limitations — which is pleaded in the answer.
There is no proof of the fraud charged in one of the grounds of appeal — wherein it is stated that there was an agreement to postpone the sale, which is alleged to have been violated by bringing it on in Gadberry’s absence; and if such fraud had been proved, the plaintiffs were barred of their remedy for it, by not filing their bill within four years.
*179 The ground which contends that it should have been referred to the Commissioner to receive evidence of the existence of personal property sufficient to satisfy .the executions, is answered by this : — that the plaintiffs had ample opportunity to take such evidence before the Commissioner before the hearing. The plaintiffs were bound to make out a case to be sent to the Commissioner, but failed to do so. It would have been singular to send the case to the Commissioner to take the accounts, and allow the case to be made out there. The case should have been made out in the first instance, and the account taken afterwards.
It is ordered that the decree be affirmed, and the appeal dismissed.
Dunkin' and Dargan, CC., concurred.

Decree affirmed.